805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin CRENSHAW, Plaintiff-Appellant,
v.
CITY OF TOLEDO, DEPARTMENT OF PUBLIC UTILITIES; Taxicab
Board of Review; Black & White Cab Company,
Defendants-Appellees.
 No. 86-3293.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1986.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and TODD, District Judge.
 
 ORDER
 
 2
 The Black & White Cab Company moves to dismiss this appeal from the district court's judgment dismissing this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a resident of Toledo, Ohio. The defendants are the city, its Taxicab Board of Review, and the cab company. The complaint alleges that the city denied the plaintiff's application for a taxicab driver's license because his criminal record showed many arrests, although no convictions. Subsequently, this decision was reversed by the Taxicab Board of Review. The Board agreed to grant the plaintiff a license if he could show that a taxicab company had agreed to hire him.
 
 
 4
 The plaintiff had applied to the cab company, but the company refused to hire him because its insurance carrier refused to bond the plaintiff based on his criminal record. The plaintiff alleges that these actions by the defendants violated his constitutional rights. The plaintiff requested injunctive relief and $30,000,000 in damages.
 
 
 5
 The district court dismissed the case against the cab company because the company was not acting under color of state law. 42 U.S.C. Sec. 1983. We agree with this conclusion of the district court. The cab company based its decision not to hire the plaintiff on its insurance carrier's refusal to provide a bond for the plaintiff. The allegations in the complaint show no joint action between the cab company and the city officials in this case. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982). So the case against the cab company was properly dismissed.
 
 
 6
 The district court dismissed the claim against the city because the decision by the cab company's insurance carrier was independent of any action taken by the city. We agree with this conclusion of the district court. Freedom to choose and pursue a career qualifies as a liberty interest that may not be arbitrarily denied. Wilkerson v. Johnson, 699 F.2d 325, 328 (6th Cir.1983). When the city initially denied the plaintiff's application, there was an arguable claim on this issue. However, the Taxicab Board of Review later agreed to grant the plaintiff a license if he could show that a cab company would hire him. This later decision showed that the city did not violate any of the plaintiff's constitutional rights.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. The motion to dismiss is therefore denied as moot.